980 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Lamar PERRYMAN, Petitioner.
 No. 92-8083.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 15, 1992
Decided: December 4, 1992
 
 On Petition for Writ of Mandamus.
 Lamar Perryman, Petitioner Pro Se.
 Dismissed.
 Before WILKINS, Circuit Judge, and BUTZNER and SPROUSE, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 On September 25, 1992, Lamar Perryman, a Virginia state prisoner, filed a document in this Court entitled "Application for a Petition for a Writ of Habeas Corpus." We construe this submission to be a mandamus petition seeking the right to file a writ of habeas corpus directly in the appellate court. In the petition Perryman alleges that his habeas petition should not be transferred to the district court, see Fed. R. App. P. 22, because the district court has already reviewed this petition once and denied relief.[1]
 
 
 2
 To obtain mandamus relief, a petitioner must show that there are no other means by which the relief could be granted. In re Beard, 811 F.2d 818, 826-27 (4th Cir. 1987). Perryman's claim that the district court will not grant his petition does not alter the fact that he has available the remedy of filing in the district court. Therefore, we dismiss Perryman's petition for mandamus relief.[2] Although we grant leave to proceed in forma pauperis, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DISMISSED
 
 
 [1]
 It should be noted that we affirmed the district court's dismissal of the habeas petition Perryman now seeks to file directly in this Court. See Perryman v. Muncy, No. 91-7702 (4th Cir. June 5, 1992) (unpublished). As a result, Perryman's current filing could be construed as a petition for rehearing. However, even if it were so construed, it would not change the result because the petition would be properly dismissed as untimely since it was filed outside the fourteen-day time period for the filing of a petition for rehearing. See Fed. R. App. P. 40(a)
 
 
 [2]
 We also deny Perryman's motion for expedited review